THE STATE OF OHIO, APPELLEE, *v.* METHOD, APPELLANT.

(No. 3862—Decided January 12, 1942.)

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■

*Mr. Martin S. Dodd,* director of law, and *Mr. Ray O. Martin, Jr.,* for appellee.

*Mr. Eldon H. Young,* for appellant.

LLOYD, J. . The defendant, Method, was tried in the Municipal Court on an affidavit filed therein charging him with violating Section 12694, General Code, in that he advertised or announced himself to be a practitioner of medicine and surgery in one of its branches, to wit, chiropractic, before obtaining a certificate from the state medical board as required by law. The trial in that court resulted in a finding of guilty, an entry of judgment thereon, and the denial of defendant's motion for a new trial. The defendant appealed to the Court of Common Pleas on questions of law, where the judgment of the Municipal Court was affirmed. From this judgment of affirmance, Method appeals to this court on questions of law, assigning as errors that:

"1. The finding and judgment of the Municipal Court is against the weight of the evidence for the reason that it falls short of proving the defendant guilty beyond a reasonable doubt.

"2. The evidence at the most tends to prove only an intent on the part of the defendant to practice his profession, and intent alone is not evidence of criminal conduct."

The defendant did not testify. An inspector of the state medical board testified that on the porch of the defendant's residence was a gold-lettered sign "J. D. Method, D. C.," and in the vestibule was a "regular clock sign" reading "Doctor is in. Please be seated." The inspector "talked for practically ten minutes" with Method whom he had known for approximately twenty years, and Method said these signs were all of the advertising he was doing.

A police officer of the city of Toledo testified that she accompanied the state inspector to the office of Method and the signs and conversations were as the inspector had testified. She says: "We rang the bell and shortly after Dr. Method came to the door and admitted us. There was a large sort of reception hall; it had some furniture and an open stairway. Dr. Method sat down and talked to us * * * about his work and about moving into his new place and how much larger quarters he would have." She further testified that he said the two signs were all of the advertising that he was doing "right now."

That Method was not licensed or registered by or with the state medical board at the time stated in the affidavit was not disputed.

The defendant contends that this testimony is insufficient to carry the beyond-a-reasonable-doubt burden of proof resting upon the state and amounts to no more than *prima facie* evidence of the commission of the offense with which he is charged. The court disagrees with this contention.

Considering this evidence as a whole, it sufficiently appears that not only was Method intending to practice his profession, but also was actually so engaged, and surely was advertising himself as practicing medicine, and that the finding of guilty of the offense charged was sustained thereby. *State* v. *Mueller,* 41 Ohio App., 102, 179 N. E., 503, heretofore decided by this court, is the archetype for the conclusion reached in the instant case. The judgment should be and is affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.